UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  GREGORY C. PEDRO,  :  Case No. 11-21071REF
           Debtor  :  Chapter 7

# MEMORANDUM OPINION SUPPORTING ORDERS DATED JULY 5, 2011, AND AUGUST 9, 2011, AND SUPPLEMENTING THE GROUNDS GIVEN ORALLY IN OPEN COURT

## I.  INTRODUCTION

This case presented the simple exercise of my discretion to allow

long-pending state court litigation to proceed to determine the liability of the

parties and any damages that might have arisen from that liability.  Margaret and

Kalman Feinberg, husband and wife, moved for relief from the automatic stay to

permit them to resume certain three-year-old state court tort litigation against

Debtor, his dental practice, and his wife.[1]  On Good Friday of this year (April 22,

2011), Debtor filed his pro se petition initiating this Chapter 7 bankruptcy case.

---

[1] Margaret Feinberg and Kalmen Feinberg, M.D. v. Gregory Pedro, D.M.D., Nancy Pedro, and Fine Arts Dental, P.C., Civil Action Law No. 08-06521 (Berks County Court of Common Pleas).

The jury trial in the state court dispute had been scheduled to begin on Monday, April 25, 2011. Debtor's filing of this Chapter 7 case, literally on the eve of the state court trial, stayed the state court jury trial.

When the Feinbergs appeared in Court on their motion for relief from stay on July 5, 2011, Debtor failed to appear on time.[2] I informed the Feinbergs' counsel that I would limit their state court efforts to obtaining a determination of liability, if any, and damages, if any, for or against Debtor. I told him that they were not permitted to exercise any state court collection, enforcement, or other remedies against Debtor. Finally, I told him that he was obliged to return to this Court for further action, if any, against Debtor. Before I actually entered a written or bench order, Debtor arrived late. I provided him with a full oral explanation of what had transpired before he appeared and I invited him to state his position. I saw no difference between the Feinbergs' request for relief from the stay and two prior relief from stay motions that I had previously granted.[3] Before I entered any order, however, I gave Debtor every opportunity to tell me why I should not grant relief from the stay. After Debtor spoke unconvincingly, I granted the Feinbergs'

---

[2] The first five or so minutes of the colloquy between me and counsel for the Feinbergs took place without Debtor being present, because he appeared quite late to the hearing, which had been scheduled to begin at 9:30 a.m. When he arrived, Debtor offered no excuse for being late.

[3] See text at p. 7 & n. 7 below.

stay relief motion with the following written July 5, 2011 Order:

> AND NOW this 5 day of July, 2011, upon consideration of the Motion for Relief from the Automatic Stay and the response thereto, if any, it is hereby ORDERED and DECREED that said Motion is GRANTED, provided, however, that no collection or enforcement of any judgment may proceed without further Order of this Court.

In re Pedro, No. 11-21071, Order Granting Motion for Relief from Stay (Bankr. E.D. Pa. July 5, 2011)(Docket No. 40).

Debtor requested, through his July 15, 2011 motion, that I reconsider my July 5, 2011 Order. At the August 9, 2011 hearing on Debtor's request for reconsideration, I orally analyzed Debtor's very limited arguments raised in both his moving papers and in his oral arguments and I denied reconsideration with the following written Order:

> AND NOW this 9 day of August 2011, after consideration of the Motion for Reconsideration filed by Gregory C. Pedro (Docket No. 48), the Answer filed by Claimants' Margaret Feinberg and Kalman Feinberg, M.D. and hearing thereon, the Motion for Reconsideration is DENIED.

In re Pedro, No. 11-21071, Order Denying Debtor's Motion To Reconsider Order Entered July 5, 2011 Granting the Motion for Relief (Bankr. E.D. Pa. August 9, 2011)(Docket No. 60).

Both Orders were signed at the conclusions of the two hearings and were supported by my oral findings and explanations to the parties from the bench.

Debtor now appeals both Orders.  This Memorandum Opinion provides written bases for my decisions and supplements both Orders.[4]  Furthermore, I incorporate by reference and adopt the oral explanations of my decisions made in open Court on July 5, 2011, and August 9, 2011.

---

[4] Local Bankruptcy Rule 8001-1(b) provides: "(b) *Opinion in Support of Order.*  The bankruptcy judge whose order is the subject of an appeal may, within 15 days of the filing of the notice of appeal, file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion."

The SOURCE note for Local Rule 8001-1 explains: "This rule is derived from L.A.R. 3.1 of the Third Circuit's Local Rules.  Under subdivision (b) of this rule, a bankruptcy judge has the same opportunity as a district judge to file an opinion after an appeal has been taken."

# II.  PROCEDURAL BACKGROUND

## A.  THE STATE COURT CASE

On May 22, 2008, the Feinbergs filed a civil action in the Berks

County Court of Common Pleas against Debtor, his wife, and his corporate dental

care company.[5]  The subject matter of the litigation was based on purely state-law

causes of action arising from Debtor's alleged (1) gross negligence in conducting

his medical procedures, (2) failure to adequately inform the Feinbergs about what

might occur, and (3) fraud for inducing the Feinbergs to allow Debtor to undertake

certain medical procedures.  The Feinbergs, through their complaint, sought

recompensation for allegedly severe damages to Mrs. Feinberg caused by Debtor.

In November 2008, after filing Debtor's answer and new matter in the state court

case, Debtor's law firm requested, and was granted, permission to withdraw from

representing him.[6]  In January 2010, the state court judge determined that Debtor

had refused to respond adequately to discovery requests and imposed sanctions on

Debtor, precluding him from introducing any evidence at trial.  In the end of 2010,

---

[5] Margaret Feinberg and Kalmen Feinberg, M.D. v. Gregory Pedro, D.M.D., Nancy Pedro, and
Fine Arts Dental, P.C., Civil Action Law No. 08-06521 (Berks County Court of Common Pleas).

[6] Although (1) no attorney entered his appearance in the state court litigation and (2) Debtor has
filed and is pursuing his Chapter 7 case on a pro se basis without counsel, Debtor has identified a cousin
(an attorney in New York) with a legal background, who has prepared many of Debtor's pleadings in this
court.  See fn. 9, below.

the Feinbergs asked to withdraw their request for a jury trial, but Debtor opposed

it, demanding a trial before a jury of his peers.  The state court acceded Debtor's

demand for a jury trial.  The jury trial was scheduled to begin on April 25, 2011.

In the morning of April 25, 2011, with the jury empaneled at the courthouse and

ready for selection, the state court judge learned that Debtor had filed his

bankruptcy petition the preceding Friday and canceled the jury trial for that day.

# B.  THE BANKRUPTCY CASE

As noted above, Debtor initiated this Chapter 7 case on April 22,

2011.  After about a month, two sets of plaintiffs[7] involved in other state court

litigation against Debtor filed requests for relief from the automatic stay to allow

their state court, tort-based litigation to resume.   Both of these two matters were

based on Debtor's alleged medical malpractice.[8]  Debtor opposed both motions

through his June 10, 2011 objections to the motions.  The two lift stay motions

were set to be heard on June 14, 2011, and I heard argument from counsel for the

movants and from Debtor on that date.  I granted both motions the next day,

through my Orders dated June 15, 2011.  Debtor filed nothing asking for

reconsideration of, or appealing, either of the two decisions.

On June 13, 2011, the Feinbergs filed their Motion To Dismiss

Bankruptcy or, in the Alternative, Motion for Relief from the Automatic Stay.

This motion initiated the current dispute.  Debtor's response to the Feinbergs'

motion was due by June 27, 2011.  Debtor failed to respond or otherwise oppose

---

[7] Mr. and Mrs. Betty Ann and Paul Cardaro and Mr. and Mrs. Ariela and Ned Barlas filed their motions for relief from the automatic stay on May 26, 2011.  In the previous bankruptcy of Debtor's company, Fine Arts Dental, P.C., (Case No. 10-22167), the corporate debtor stipulated with Mr. and Mrs. Cardaro and Mr. and Mrs. Barlas that the stay would be lifted to permit them to litigate their state court claims, but that any collection efforts would be relegated back to this Court.

[8] Neither Mr. and Mrs. Cardaro nor Mr. and Mrs. Barlas described the nature of their state court causes of action in their motions for relief from the stay.

the motion by that deadline.  At a bit before 5:00 p.m., on June 29, 2011, the

Feinbergs filed a certification that no response had been filed in opposition to their

stay relief motion.  Some time late that afternoon, but not in time for docketing by

the Clerk's Office,[9] Debtor filed his Response and Opposition to Motion To

Dismiss Bankruptcy or, in the Alternative, Motion for Relief from Automatic

Stay.[10]  As is my standard approach when a response is actually filed, even if late,

I disregarded the certification of no response so I could determine the matter on

the merits.

On July 5, 2011, I heard the matter of the Feinbergs' motion for relief

from stay.  I immediately rejected the Feinbergs' request that I dismiss the case,

even though Debtor was not there at that time.  After I declared that I would limit

the Feinbergs' relief, Debtor appeared late and I asked him to share his argument

against relief from the stay.  He offered nothing convincing.  The only argument

he offered was that he wanted a fair trial.  Notwithstanding Debtor's concern, I

will not stand in judgment of a state court judge's determination of discovery

---

[9] Debtor is proceeding pro se and is not held to the requirement of electronic filing and service.
Debtor files paper originals of all of his pleadings and other documents either in person or through the
mail and serves them by mail.

[10] I questioned Debtor at the July 5, 2011 hearing about who had helped him prepare his
response. The response clearly contained legalese that a lay person would not have used. He informed
me that his cousin is a lawyer in New York and helped him prepare it.

abuse in litigation before him.  I granted the Feinbergs' motion for relief, limited

as described above, through my July 5, 2011 Order.

After the hearing on their stay motion on July 5, 2011, the Feinbergs

filed their Complaint To Determine Dischargeability Pursuant to Federal

Bankruptcy Rule 4007 and 11 U.S.C. 523(a)(2), 253[sic](a)(4), 523(a)(6).[11]  The

Feinbergs later filed their amended complaint, to which Debtor responded by his

answer and new matter.[12]  On August 11, 2011, I entered a pre-trial order setting

the dates for various discovery and other procedural deadlines, including a pre-

trial conference.  The adversary proceeding is explicit in its limitations.  The

Feinbergs do not seek to determine any state law liability or amount of damages

against Debtor and in favor of the Feinbergs.  Their prayer for relief expressly

limits their demand to "declaring the claims currently pending against the Debtor

are not discharged and are not dischargeable . . .."  Through my Order dated

August 19, 2011, I set a hearing on September 2, 2011, to show cause why I

should not stay further action on the Feinbergs' dischargeability adversary

---

[11] Feinberg v. Pedro (In re Pedro), Complaint, Main Case No. 11-21071, Adv. No. 11-2079
(Bankr. E.D. Pa. July 5, 2011)(Docket No. 41 in Main Case; Docket No. 1 in Adversary Proceeding).

[12] Although Debtor referred to the affirmative defenses as such in the body of his answer, he uses
the state court pleading name of "new matter" in the title of his answer.  Pleading rules aside, this is a
difference without a distinction and I will permit it without further action, particularly in recognition of
Debtor's status as a pro se litigant.

proceeding until the state court litigation is resolved.

On July 15, 2011, Debtor filed his request that I reconsider my July 5, 2011 Order granting relief from the stay. The Feinbergs opposed the reconsideration motion on July 29, 2011. When I heard Debtor's request for reconsideration on August 9, 2011, he raised only two arguments. First, he raised the obvious importance of the automatic stay to bankruptcy proceedings, and second, he expressed concern about the duplication of efforts between the state court litigation and the adversary proceeding. As discussed at more length below, I rejected both arguments and denied his request for reconsideration.

On August 12, 2011, Debtor filed his Notice of Appeal appealing both my July 5, 2011, and August 9, 2011 Orders. This Memorandum Opinion supplements my oral explanations of my decisions in Court on July 5, 2011, and August 9, 2011, which oral explanations I incorporate herein also to provide the bases for those two orders.

# III.  FINDINGS OF FACT

The factual background of this dispute is very limited and is constituted largely by the procedural events set forth above.  I regard the following facts as controlling my decisions in the July 5, 2011 Order granting relief from the automatic stay and the August 9, 2011 Order denying Debtor's request that I reconsider the July 5, 2011 Order:

1.  The state court litigation between the Feinbergs and Debtor started in mid 2008.

2.  Through the state court litigation the Feinbergs seek recovery against Debtor for three categories of alleged causes of action: (a) Personal injury arising from medical malpractice; (b) failure to give proper notice of medical procedures; and (c) fraud in inducing Mrs. Feinberg to undertake certain medical procedures.

3.  A.  The state court judge, acting in his discretion and based on the conduct of the parties in pre-trial discovery before him, sanctioned Debtor for his failure to respond to discovery requests presented to him.

B.  The state court judge's sanction was to prohibit Debtor from presenting any evidence at the trial in the dispute.

-11-

4. When the Feinbergs attempted to cancel their demand for a jury trial and have the matter heard by the judge, Debtor insisted on his right to a trial by a jury of his peers.

5. The state court had empaneled prospective jurors to conduct the trial of the Feinbergs' claims against Debtor, with jury selection and the trial to commence on April 25, 2011.

6. Debtor filed the present Chapter 7 case on Good Friday, April 22, 2011, which automatically stayed the state court trial.

7. When Debtor filed this bankruptcy, the state court was on the eve of conducting the jury trial that Debtor had requested, which jury trial was set to begin on Monday, April 25, 2011.

8. The Feinbergs initiated an adversary proceeding in this Court on July 5, 2011, which adversary proceeding seeks only to determine that the Feinbergs' claims against Debtor, if awarded in the state court litigation, are not dischargeable in this bankruptcy.

9. Debtor filed this bankruptcy to avoid (or at least delay) the pending April 25, 2011 jury trial.

10. Debtor is using this stay dispute as a litigation tactic to avoid or delay participating in the jury trial before the state court about his liability and

damages he owes from his alleged personal injury caused by medical malpractice,

failure to inform, and fraud in the inducement.

# IV. DISCUSSION

As noted above, I adopt, ratify, reaffirm, and incorporate by reference

my oral explanations in open Court describing why I granted the Feinbergs' stay

relief motion on July 5, 2011, and denied Debtor's reconsideration motion on

August 9, 2011.

## A.  JULY 5, 2011, ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Section 362(d) of the Bankruptcy Code governs my consideration of

whether to grant relief from the stay.  11 U.S.C. §362(d).   Relief from the stay

shall be granted for cause shown.  Here, on the grounds of comity and judicial

efficiency, I concluded that the state court is the most appropriate court to hear the

state-law based claims of the Feinbergs.  See Swarcheck v. Manidis (In re

Manidis), Adv. No. 93-0181, Bankr. No. 92-17643DWS, 1994 WL 250072, at *6-

7 (Bankr. E.D. Pa. May 27, 1994).  See also Shaw v. Santos (In re Santos), 304

B.R. 639 (Bankr. D.N.J. 2004); and Maintainco., Inc. v. Mitsubishi Caterpillar

Forklift America, Inc., (In re Mid-Atlantic Handling Systems, LLC.), 304 B.R.

111, 129-31 (Bankr. D.N.J. 2003).

These decisions show the bankruptcy courts' inclination to allow state-law claims and litigation to proceed in state court rather than in bankruptcy courts. <u>Manidis</u> involved a complaint filed by a creditor seeking to have a debt allegedly owed to her by the debtor found nondischargeable under 11 U.S.C. §523(a)(6). The alleged debt arose out of an indecent assault to which the debtor had pled guilty before filing bankruptcy. The creditor had also filed a state court civil action to recover damages for the assault (and an accompanying false imprisonment), which was stayed by the debtor's bankruptcy filing. After analyzing (1) the elements of the criminal indecent assault statute, (2) the elements of a Section 523(a)(6) cause of action, and (3) the evidence of malice that was proven during the dischargeablilty trial, Judge Sigmund determined that the debt was nondischargeable. Judge Sigmund recognized that 28 U.S.C. §157(b)(5) deprives bankruptcy courts of jurisdiction to not only decide, but also to hear, personal injury tort claims. She therefore granted relief from the automatic stay to allow the creditor to proceed with her state court action so that the amount of her claim could be determined. <u>Manidis</u>, 1994 WL 250072, at*7. In this case, the Feinbergs and Debtor will first determine if Debtor is liable and then determine the amount of the damages. Then they will return to this Court to try the dischargeability issue.

-15-

In <u>Santos</u>, the debtor was a surgeon. The creditor was a dissatisfied patient who had filed a state court civil action against the debtor that was stayed by the debtor's bankruptcy filing. The issue before the bankruptcy court was whether the creditor's claim against the debtor for allegedly misrepresenting the nature of the medical procedure and medical care he performed was nondischargeable under 11 U.S.C. §523(a)(2)(A). After conducting a trial, the bankruptcy court found the debt to be nondischargeable. The court recognized that it likely did not have jurisdiction to determine the amount of the creditor's claim. The judge therefore abstained from hearing the damages portion of the claim in favor of the state court, where the creditor had other aspects of her claim still pending. The <u>Santos</u> court did not discuss relief from the stay because the stay had already automatically terminated when a discharge order had been entered in the main bankruptcy case.[13]     <u>Santos</u>, 304 B.R. at 650, 671.

<u>Mid-Atlantic Handling</u> involved a motion to remand, or abstain from hearing, a state law tortious interference and breach of contract cause of action. Plaintiff/debtor had removed the litigation to the bankruptcy court after it filed bankruptcy. The bankruptcy court granted the motion finding mandatory and discretionary abstention appropriate and noting that "notions of comity and

---

[13] 11 U.S.C. §362(c)(2)(C).

-16-

judicial economy warrant a conclusion that the state court is the proper forum for adjudicating this dispute." Mid-Atlantic Handling, 304 B.R. at 125. In addition, the court granted the defendant's motion for relief from the automatic stay to permit the defendant to proceed with its claims against the debtor in state court, finding that "permitting the state court litigation to proceed will result in a complete resolution of the issue of Mid-Atlantic's alleged liability to Maintainco." Id. at 130.

The state court matter before me includes medical malpractice personal injury, failure to inform, and fraud in the inducement. It would be absurd to split the determination of the personal injury claims from the determination of the fraud claim. They appear to go hand-in-hand in this litigation. Permitting the state court litigation to proceed preserves the interests of comity and is the most efficient way to insure a complete resolution of Debtor's liability to the Feinbergs.

Congressional intent that Bankruptcy Courts should not determine personal injury claims (such as exist here) is manifest in several provisions in bankruptcy law. Bankruptcy Courts' core proceeding jurisdiction specifically omits determination of personal injury torts. Sections 157(b)(2)(B) and (b)(2)(O) of Title 28 address resolution of personal injury claims as follows:  Section 157(b)(2)(B)  –  core proceedings include liquidation of contingent or unliquidated

claims against the estate, <u>except</u> those that are based on personal injury tort clams; and Section 157(b)(2)(O)  –  core proceedings include other matters affecting the debtor-creditor relationship, <u>except</u> personal injury tort claims.  28 U.S.C. §§157(b)(2)(B) and 157(b)(2)(O).

Because Bankruptcy Courts do not have authority from Congress to determine personal injury torts, they must be heard by some other court.  Being heard by the state court before whom all pre-trial preparation has occurred, and in which trial has been scheduled, stands as the only practical choice that preserves both judicial efficiency and comity between state and federal courts.  That choice can be implemented by granting relief from the automatic stay to permit both liability, if any, and the amount of damages, if any, to be decided by the state court.

Debtor has complained about the fairness of the state trial judge's imposition of sanctions against him.  He bemoans the allegedly unfair proceeding that he faces in state court.  I reject entirely consideration of this issue.  If the state court judge's sanction decision is incorrect, Debtor will have a full, complete, and fair opportunity to redress that grievance on appeal to the Pennsylvania appellate

-18-

courts.[14]  Bankruptcy court is not an appellate court for disappointed litigants to attack decisions by state court judges.

Furthermore, a District Court stayed litigation that had been filed before it, finding no manifest injustice when state court and bankruptcy court proceedings involved various aspects of the entire litigation that might otherwise be handled in a piecemeal fashion.  Zokaites Properties, LP, v. La Mesa Racing, LLC, 2011 WL 2293283, Civ. Action No. 11-259, at *2 (W.D. Pa. June 9, 2011). Federal courts should not rule on state courts' application of civil procedure rules before a state appellate court rules on them.  Id.

The jury that Debtor had demanded was empaneled and Debtor was about to be provided the opportunity he demanded to have his day in court before a jury of his peers.  He abandoned the opportunity for a prompt trial before a jury by filing this bankruptcy case.  Relief from the stay permits the Feinbergs and Debtor to return to state court to determine the liability, if any, of Debtor as well as his obligation to redress personal injury (and perhaps other) damages, if any, that he caused the Feinbergs.  See Gemini Equipment Business Trust v. First Union National Bank, (In re Gemini Equipment Business Trust), 2005 WL

---

[14] Debtor filed an interlocutory appeal to the Pennsylvania Superior Court in late April, a couple days before he filed this bankruptcy.  The Superior Court denied his appeal as premature.

3050174, No. Civ. 1-05-CV-01665, Bk. 05-03489, at *4 (M.D. Pa. November 14, 2005). In <u>Gemini</u>, the debtor argued that relief from the automatic stay was not permitted under Section 362(d). Judge Sylvia Rambo rejected that argument and explained that allowing the state court to proceed is certainly appropriate relief pursuant to Section 362(d). She also concluded that whether to grant relief from the stay is within the discretion of the bankruptcy judge and may only be reversed for an abuse of discretion. She found no abuse of discretion in allowing existing state court litigation to proceed. <u>Id.</u> at *5.

# B.  AUGUST 9, 2011, ORDER DENYING REQUEST FOR RECONSIDERATION

At the August 9, 2011 hearing, Debtor offered one old ground and one new ground for reconsideration.  The first ground he asserted was that the automatic stay is the cornerstone of bankruptcy law, protecting debtors when they most need it. Certainly he proffered a correct statement, but equally certainly, it does not apply in this case.  The myriad cases extolling the automatic stay as the foundation for a debtor's "breathing room"[15] are inapplicable.  The sole result from my grant of relief from the stay will be to determine the liability, if any, and the amount of damages, if any, owed by Debtor to the Feinbergs.  The Feinbergs' claim must be determined in some court.  Whether it is heard by me, by the state court, by the District Court, or by some other court, the Feinbergs' claim must be tried somewhere.  No "breathing room" issue exists.  The stay prevents the Feinbergs' claim from finally being heard by the most logical, practical court to hear it − the state court.  No breathing room is needed; no injury is inflicted on the automatic stay; no cornerstone of bankruptcy is undermined.

I expressly decided not to dismiss this case on the Feinbergs' motion.

---

[15] See In re Clouse, 446 B.R. 690, 697 n. 28 (Bankr. E.D. Pa. 2010); In re Coletta, 380 B.R. 140, 147 n. 17 (Bankr. E.D. Pa. 2007).

Nevertheless, Bankruptcy Judge Bruce Fox's decision dismissing a bankruptcy case before him is supportive of my decision to grant relief from the stay. In re Manno, 2009 WL 236844, No. 08-15588BF, at *8 (Bankr. E.D. Pa. January 30, 2009). In Manno, Judge Fox noted the long-recognized tenet that bankruptcy courts act within their discretion when they grant relief from the automatic stay to defer matters of state law to state court when significant time and funds have already been expended in the state court litigation. Id.

Debtor pointed to the Feinbergs' adversary proceeding as creating possibly duplicative, possibly unnecessary litigation as his second argument. He insisted that the entire matter should be tried before me. The entire matter being the determination of liability, the amount of damages, and whether the claim is dischargeable. Debtor's argument has four manifest flaws.

First, the adversary proceeding clearly does not duplicate the state court litigation. The adversary proceeding is clearly limited to the categorization of the Feinbergs' claims as either dischargeable or not dischargeable. The adversary complaint flat out assumes that Debtor's liability to the Feinbergs, if any, and damages suffered by the Feinbergs, if any, will have been determined by another court. The adversary picks up from that point and aims at determining the dischargeability of the claim.

-22-

Second, trying the matter before me would negate Debtor's formally expressed goal of having a jury of his peers determine the claims against him. Simply put, I cannot hold a jury trial in this dispute. <u>See</u> <u>Granfinanciera v. Nordberg,</u> 492 U.S. 33, 109 S. Ct. 2782, 106 L. Ed.2d 26 (1989).

Third, if the Feinbergs had sought a determination of liability and damages in the adversary proceeding (which they did not), and if I had the power to determine liability and damages in the personal injury tort aspects of this dispute (which I do not), I would be starting from the beginning procedurally, renewing (and repeating) discovery, pre-trial motions, and pre-trial procedures.

Finally, if I were to prevent the state court from proceeding, I would not be able to try the case until some time in mid to late 2012 – a decided waste of judicial and attorneys' time, efforts, and energies.

-23-

# V.  CONCLUSION

For all of the reasons described above as well as the oral findings and conclusions contained in the transcripts of the July 5, 2011, and August 9, 2011 hearings, I submit this Memorandum Opinion in support of my two Orders dated July 5, 2011, and August 9, 2011.


BY THE COURT

DATE: August 24, 2011

RICHARD E. FEHLING
U.S. Bankruptcy Judge

-24-